HUDSON REAL ESTATE COMPANY v. JACOB BAUER AND GEORGE I. LINDER, INDIVIDUALLY, AND AS EXECUTORS OF JOHN W. LINDER, DECEASED.

Submitted July 5, 1906—Decided November 12, 1906.

1. In suits by real estate brokers to recover commissions on the sales of land committed to their agency, the question always is whether, under the peculiar conditions of the given case, the agent was the efficient cause of the sale.

2. When such a suit is brought in one of our District Courts, the question thus raised is one of fact for the judge or jury, and as such is not reviewable on appeal except in cases where there is no legal evidence to support the finding.

On appeal.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the plaintiff and appellant, *Hudspeth & Carey.*

For the defendants and appellees, *Cornelius Doremus.*

The opinion of the court was delivered by

HENDRICKSON, J.  This is an appeal from a judgment recovered in the First District Court of Jersey City.  The state of the case shows that the suit was brought to recover commissions for the sale of real property, No. 126 Winfield avenue, in that city.  The authorization was in writing, signed by the defendants, and empowered the plaintiff to rent the premises and to sell the same, with a commission of two and one-half per cent. on the purchase-price.  This was in January, 1905.  The plaintiff listed the property for sale and rent.  The property was sold in July, 1905, with other property, for the aggregate price of $4,000, the sum of $2,800 thereof being the consideration price of the property referred to in the authorization.  The purchaser was one Tafero, who became a tenant in February, 1905, under an oral agreement to hire until May 1st, 1905, entered into at the plaintiff's

office. There was a "For Sale" bill upon the property. About a month after Tafero rented the property he learned, upon inquiry from the plaintiff, that the purchase-price of the property was $3,000. Some time in April, 1905, the wife of Tafero went to Mrs. Linder, wife of one of the defendants, who in April superseded the plaintiff as agent and took charge of the collection of rents, and asked that certain repairs be made, which were refused by Mrs. Linder on the ground that the property was for sale. She then suggested to Mrs. Tafero that she should buy the property. The latter's reply was that she had not the money. About two weeks later Mrs. Linder again saw Mrs. Tafero and offered her the property for $2,800. Later Mrs. Linder had her husband see the Taferos. Mr. Tafero negotiated with Mr. Linder for the purchase of this, with other adjoining property, which was effected, as before stated. The trial was had without a jury and the judge gave judgment for the defendants.

It is contended for the plaintiff that the judgment should be reversed and a judgment awarded in favor of the plaintiff upon the law as laid down by this court in *Somers* v. *Wescoat,* 37 *Vroom* 551. We presume that the principle of law thus invoked is that embodied in headnote No. 1 of the opinion, which is to the effect that where the broker employed to sell real property brings about an introduction of a buyer and a negotiation resulting in a purchase ensues on that foundation, the owner and buyer cannot by any arrangement disappoint the claim of the agent for remuneration. This is so under ordinary circumstances, as the opinion itself states. And "in this class of cases," as was stated by Chief Justice Beasley, in *Vreeland* v. *Vetterlein,* 4 *Id.* 247, 249, "the question, then, always is whether, under the peculiar conditions of the given case, the agent was the efficient cause of the sale, and when there is real doubt upon that point such doubt must be solved by the jury."

Now, the question whether the plaintiff, under the case here presented, was the efficient cause of the sale, is a question of fact, and as such it is beyond the power of this court to review. The judgment here imports a general finding by the

judge that the plaintiff was not entitled to recover the commissions sued for on the ground that the plaintiff was not the efficient cause of the selling, or at least had not sustained the burden of proof that he was such efficient cause.

The circumstances of the case recited above are, we think, consistent with the theory that the plaintiff's efforts to sell the property had ceased in April, 1905, plaintiff having failed to negotiate a sale to Tafero at the price of $3,000, and that subsequently Mrs. Linder, who had superseded the plaintiff as agent in charge, managed to negotiate a sale at $2,800. We think there was evidence in this case which would support the finding of the trial judge, a feature that was absent in *Somers* v. *Wescoat, supra.*

The judgment is therefore affirmed.